# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD RASCHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:20-cv-01018-KHV-ADM |
| | ) |
| UNIFIED SCHOOL DISTRICT NO. 506 | ) |
| ALTAMONT, KS, | ) |
| | ) |
| Defendant. | ) |

## **ANSWER**

Defendant answers plaintiff's complaint as follows:

1. All allegations not admitted are denied.

2. In response to ¶1, defendant admits the nature of the action as described but denies plaintiff has stated a claim.

3. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶2 and for that reason denies the same.

4. Paragraph 3 calls for a legal conclusion and is therefore denied.

5. Paragraph 4 is admitted.

6. Paragraph 5 is vague and is therefore denied.

7. In response to ¶6, defendant admits jurisdiction and venue are appropriate. Defendant denies plaintiff has stated a claim for relief.

8. Paragraph 7 is an accurate statement of the law.

9. In response to ¶8, defendant incorporates the remainder of its answer.

10. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶9 and for that reason denies the same.

11. Paragraph 10 is admitted.

12. In response to ¶11, defendant agrees that plaintiff timely advised of his deployment orders. The remainder of ¶11 is denied.

13. Paragraph 12 is denied as to the use of the term "several" as vague and undefined. Defendants state plaintiff was deployed as alleged and emails were exchanged. All allegations inconsistent with this admission are denied.

14. Paragraphs 13, 14, 15, 16, and 17 are denied.

15. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶18 and for that reason denies the same.

16. Paragraphs 19 and 20 are denied.

17. In response to ¶21, defendant states that Dr. Wyrick and Mr. Holtzman provided letters of recommendation per plaintiff's request. Dr. Wyrick specifically asked Mr. Raschen if he would like him to emphasize a particular area and Mr. Raschen did not respond. All allegations included in ¶21 inconsistent with this statement are denied.

18. Paragraph 22 is denied.

19. In response to ¶23, defendant admits the letter from Ms. Whiteman states as quoted.

20. In response to ¶24, defendant admits interviews were conducted. The remainder of ¶24 is denied.

21. Paragraph 25 is admitted.

22. Paragraph 26 is denied.

23. In response to ¶27, defendant admits the letter is quoted correctly. Defendants denies this was a "finding" or "determination" by the USDOL. Defendant denies it violated USERRA.

24. Paragraph 28 is denied. The email from Ms. Whiteman to Mr. Coney speaks for itself. Further the allegation and the letter discuss prior settlement negotiations that are inadmissible and should be stricken from the record. See F.R.E. 408 and 501.

25. Paragraphs 29 and 30 are denied. Further the allegation and the letter discuss prior settlement negotiations that are inadmissible and should be stricken from the record. See F.R.E. 408 and 501.

26. Paragraphs 31, 32, 33, 34 and 35 are denied.

27. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in ¶36 and for that reason denies the same.

28. In response to ¶37 defendant admits a board meeting was held on November 7, 2018. The board meeting minutes accurately depict the content of the meeting. All allegations inconsistent with this statement included in ¶37 are denied.

29. Paragraphs 38 and 39 are denied.

30. In response to ¶40 defendant admits it was timely informed of plaintiff's active duty assignment for January 2019. Defendant admits the $10,000 check issued and offered to plaintiff in November was included in the W-2 as wages for 2018. Defendant further states that Mr. Wyrick sent plaintiff a letter on January 25, 2019 advising that because the $10,000 check reflected additional compensation it was run through the District's payroll system and would be included in in plaintiff's W-2. Mr. Wyrick went on to state, "If you are still declining this $10,000.00 payment, please notify me in writing and the District

will make arrangements to reissue a revised W-2 to you. If you have decided to accept the $10,000.00 payment please let me know in writing and we will make arrangements to deliver the check to you."

31. Paragraph 41 is denied.

32. In response to ¶42, defendant incorporates the remainder of its answer.

33. Paragraphs 43, 44, 45 and 46 are not statements of fact but statements of law and therefore, no answer is required of the defendant. To the extent an answer is required, the allegations are denied.

34. Paragraph 47 is not a statement of fact requiring an answer from this defendant and for that reason is denied.

35. Paragraphs 48, 49, 50 and 51 are statements of law not statements of fact and therefore do not require an admission or denial. To the extent an answer is required, the allegations are denied.

36. Paragraphs 52, 53, 54, 55 and 56 are denied.

37. In response to ¶57, defendant incorporates the remainder of its answer.

38. In response to ¶58 defendant admit plaintiff alleges the claim and brings it to this court under supplemental jurisdiction. Defendant further states plaintiff fails to state a claim and supplemental jurisdiction should be denied.

39. Paragraph 59 is a statement of law not requiring an admission or denial by the defendant and for that reason the allegation is denied.

40. Paragraphs 60, 61 and 62 are denied.

41. Plaintiff's prayer for relief including paragraphs numbered 1 – 7 found on page 13 of the Complaint are denied in their entirety.

## ADDITIONAL DEFENSES

42. Plaintiff fails to state a claim upon which relief can be granted.

43. USD 506 did not violate USERRA.

44. Any action taken by Defendant was not the result of unlawful motives, was not retaliatory, and would have occurred based on legitimate, lawful, and independent reasons regardless of plaintiff's alleged uniformed service.

45. Any action taken by Defendant was not a willful violation of the law.

46. Plaintiff's athletic director contract was for a one-year term with no reasonable expectation that it would continue beyond that contractual period.

47. USERRA preempts state law causes of action.

48. Plaintiff has suffered no damages.

49. Defendant denies that Plaintiff has suffered any damages and denies that Plaintiff is entitled to any of the relief requested in his Complaint.

50. Defendant denies that its conduct has caused Plaintiff any damages, Defendant denies causation, the nature and extent of Plaintiff's damages.

51. Plaintiff is not entitled to punitive or liquidated damages of any kind against Defendant.

52. Plaintiff's claims for equitable relief, if any, are barred in whole or in part by the existence of an adequate remedy of law.

53. Plaintiff has failed to properly mitigate his damages, if any.

54. Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

55. Plaintiff's claims for back pay, if any, must be offset by his interim or imputed earnings.

56. Defendant's conduct was not willful, and Plaintiff is not entitled to liquidated damages against Defendant.

## DEMAND FOR JURY TRIAL

Defendant demands all appropriate fact issues be tried to a jury.

**FISHER, PATTERSON, SAYLER & SMITH, LLP**
3550 S.W. 5th Street
Topeka, Kansas 66606
Office: (785) 232-7761 | Fax: (785) 232-6604
tmock@fisherpatterson.com

**s/Terelle Mock**
Terelle A. Mock                    #21465
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of March, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Christopher A. McElgunn, #13359
KLENDA AUSTERMAN LLC
301 N. Main St.
Wichita, KS 67202-4816
Office: (316) 290-4621 | Fax: (316) 267-0333
cmcelgunn@klendalaw.com

Brian J. Lawler (*pro hac vice*)
PILOT LAW, P.C.
850 Beech St., Ste. 713
San Diego, CA 92101
Office: (619) 255-2398 | Fax: (619) 231-4984
blawler@pilotlawcorp.com
**Attorneys for Plaintiff**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  No one.

**s/Terelle A. Mock**
Terelle A. Mock